**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-0153-WS |
| | ) |
| **JAMISON PACKER,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter comes before the Court on defendant Jamison Packer's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 (doc. 78).

In April 2008, Packer was indicted in this District Court on charges of possessing with intent to distribute crack cocaine and powder cocaine, both in violation of 21 U.S.C. § 841(a)(1), with the offense conduct alleged to have occurred on or about November 13, 2005. (Doc. 1.) The case went to trial on December 18, 2008, at which time the jury found Packer guilty of both the crack cocaine and powder cocaine offenses, as charged in the Indictment. (Doc. 36.) The verdict form reflects the jury's finding that Packer had possessed with intent to distribute 5 grams or more, but less than 50 grams, of crack cocaine. Following a sentencing hearing, the undersigned entered a Judgment (doc. 41) on April 8, 2009, sentencing Packer to a term of imprisonment of 120 months on both offenses of conviction, said terms to run concurrently. Packer's sentence was driven by the statutory minimum penalty prescribed by 21 U.S.C. § 841(b)(1)(B), which at that time provided for a mandatory minimum sentence of 10 years for violations involving 5 grams or more of crack cocaine by a defendant (such as Packer) with a prior felony drug conviction.[1]

Now, Packer moves for reduction of this sentence under 18 U.S.C. § 3582(c), seeking to avail himself of reduced statutory penalties prescribed by the Fair Sentencing Act of 2010, Pub.

---

[1] Defendant's relevant criminal history is reflected in the Government's filing of November 6, 2008, styled "Enhancement Information" (doc. 17), which described Packer's conviction in Monroe County, Alabama, of the state felony drug offense of Trafficking Cocaine and/or Possession of Cocaine, on or about March 19, 2001.

L. No. 111-220, 124 Stat. 2372 ("FSA"), whose effective date was August 3, 2010. In relevant part, the FSA increases the quantity of crack cocaine needed to trigger the 10-year mandatory minimum for defendants with prior felony drug convictions from 5 grams to 28 grams. Packer's § 3582 Motion centers on his contention that he is entitled to the benefit of the more lenient penalty structure of the FSA. In particular, if the FSA applies to him retroactively, it would eliminate the mandatory minimum as a binding constraint on Packer's sentence (inasmuch as the drug quantity for which he was held responsible at sentencing is less than the new 28-gram threshold for the 10-year minimum) and likely pave the way for a reduced sentence by reference to the applicable guideline range in the absence of the statutory minimum.

Unfortunately for Packer, both the Eleventh Circuit and every other appellate court to examine this question have held that the FSA does not apply to defendants sentenced prior to the statute's August 3, 2010 effective date. *See, e.g., United States v. Allen*, 2012 WL 1503550, *2 (11th Cir. Apr. 30, 2012) ("we have previously held that the FSA does not apply to defendants, like Allen, sentenced prior to its August 3, 2010 enactment").[2] On its face, then, Packer's § 3582 Motion rests on a theory that has been unanimously, unequivocally discredited by the Eleventh Circuit and every other appellate court to have considered it.

Notwithstanding this daunting obstacle, Packer insists that he is entitled to relief under the Supreme Court's recent decision in *Dorsey v. United States*, --- U.S. ----, 132 S.Ct. 2321 (2012). But *Dorsey* addressed a very different scenario from that at issue in Packer's case. Indeed, the question in *Dorsey* was "whether the Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced

---

[2] *See also United States v. Powell*, 652 F.3d 702, 710 (7th Cir. 2011) ("we have already held that the [FSA] does not apply retroactively to sentences imposed before the Act was signed into law. … Every circuit to address this issue has reached the same conclusion."); *United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) ("Like every other circuit court to have considered this question, we can find no evidence that Congress intended the Fair Sentencing Act to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment."); *United States v. Bigesby*, --- F.3d ----, 2012 WL 2362583, *6 (D.C. Cir. June 22, 2012) ("We agree with every circuit court to address the issue that there is simply no evidence that Congress intended the [FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.") (citation and internal quotation marks omitted); *United States v. Merisier*, 2012 WL 695437, *1 (2nd Cir. Mar. 6, 2012) ("this Court has already held that the FSA does not apply retroactively to a defendant … sentenced before the FSA was enacted. … That opinion accords with every circuit's decision on the issue.") (citations omitted).

until after August 3." 132 S.Ct. at 2326.  Although *Dorsey* answered that question affirmatively, the Supreme Court expressly limited its holding to that narrow fact pattern, to-wit:  a pre-FSA crack cocaine offense, followed by a post-FSA sentencing hearing.  *See id.* at 2331 (opining that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date").  Far from giving hope to defendants like Packer who were sentenced prior to August 3, 2010, the *Dorsey* Court affirmatively recognized that its narrow ruling would continue to leave them out in the cold, subject to pre-FSA statutory constraints.  The *Dorsey* majority appeared profoundly untroubled by this disparity, which was a natural consequence of its decision.  *See id.* at 2335 ("We have explained how in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, ***while withholding that change from defendants already sentenced.*** … We consequently conclude that this particular new disparity (***between those pre-Act offenders already sentenced and those not yet sentenced as of August 3***) cannot make a critical difference.") (emphasis added).

In the weeks since *Dorsey* was announced, substantial decisional authority has already emerged that rejects claims just like Packer's, in which a defendant sentenced prior to the FSA's effective date attempts to extend *Dorsey* to his or her circumstances.  *See Fields v. Warden, FCC Coleman – USP 1*, 2012 WL 2924020, *2 (11th Cir. July 19, 2012) (rejecting defendant's argument that FSA applies to him under *Dorsey*, and reasoning that "Fields was sentenced prior to August 3, 2010, and thus the FSA does not retroactively apply to him"); *United States v. Mouzone*, --- F.3d ----, 2012 WL 3039215, *11 (4th Cir. July 26, 2012) ("Fleming was sentenced on July 9, 2010, and the Act applies retroactively only to offenders whose crimes preceded August 3, 2010, but who are sentenced after that date," so no retroactive application of FSA) (citation and internal quotation marks omitted); *United States v. Allen*, 2012 WL 3038171, *1 (6th Cir. July 26, 2012) ("Unfortunately for Defendant, *Dorsey*'s holding does not apply here.  Defendant was re-sentenced on July 22, 2010, several weeks prior to the FSA's enactment date on August 3, 2010."); *United States v. Davidson*, 2012 WL 2914495, *2 (3rd Cir. July 18, 2012) (citing *Dorsey* in support of proposition that FSA's "change to the statutory penalties for crack cocaine offenses does not apply retroactively to defendants who committed their crimes and were sentenced before its enactment"); *United States v. Wormley*, 2012 WL 2948183, *1 (10th Cir. July 20, 2012) (finding that *Dorsey* "is likewise of no assistance" to a defendant seeking "the

benefit of the more lenient mandatory minimum provisions in the FSA even though he had been sentenced before its effective date"); *United States v. Clark*, 2012 WL 3025114, *2 (D. Neb. July 24, 2012) ("The court finds the recent clarification in *Dorsey* does not apply to the defendant since his conviction and sentence were final long before the FSA's effective date."); *United States v. Fenner*, 2012 WL 2884988, *2 (D. Minn. July 13, 2012) ("Contrary to Petitioner's argument, there is no language in the *Dorsey* decision that would support his request for relief. *Dorsey* is based on the principle that in federal sentencing, the ordinary practice is to apply penalties in effect at the time of sentencing, and that language in the FSA implies that Congress intended to follow this principle."); *Ford v. United States*, 2012 WL 2798532, *13 (M.D. Fla. July 9, 2012) (opining that defendant "does not benefit from the recent decision in *Dorsey*" because he "committed his crime and was sentenced before the Fair Sentencing Act took effect"). Based on these unanimous authorities, as well as the plain language of *Dorsey* itself, the Court cannot agree with Packer's position that "it follows directly from the reasoning in *Dorsey* that the FSA penalty scheme also applies to <u>all</u> defendants … regardless of when their initial sentencing occurred." (Doc. 78-1, at 4.)

In sum, not only is *Dorsey* a narrow holding that applies to a very specific set of circumstances not present in Packer's case, but the Supreme Court acknowledged that it was creating disparities between defendants like Packer who were sentenced prior to the FSA's effective date (and would not receive relief under the more lenient FSA penalty structure) and those who were sentenced after that effective date (and would receive relief under the more lenient FSA penalty structure). Certainly, *Dorsey* did not expressly or impliedly overrule, criticize, or even call into question the overwhelming line of consistent appellate precedents from the Eleventh Circuit and elsewhere holding that defendants sentenced prior to the FSA's effective date are not eligible for the benefit of the relaxed statutory minimum provisions therein. Those authorities remain good law, and inform this Court's analysis of Packer's § 3582(c) motion, even in the post-*Dorsey* world.

For all of these reasons, defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 (doc. 78) is **denied**.

DONE and ORDERED this 31st day of July, 2012.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE